RICHARD D. BURSTEIN - Bar No. 56661
REAGAN E. BOYCE - Bar No. 248064
TRAVIS M. DANIELS - Bar No. 295855
EZRA BRUTZKUS GUBNER LLP
21650 Oxnard Street, Suite 500
Woodland Hills, CA 91367
Telephone: (818) 827-9000
Facsimile:  (818) 827-9099
Email:      rburstein@ebg-law.com
            rboyce@ebg-law.com
            tdaniels@ebg-law.com

Attorneys for David Seror, Chapter 7 Trustee

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SAN FERNANDO VALLEY DIVISION**

| | |
|---|---|
| In re<br><br>RELIABLE TRUST DEED SERVICES, INC.<br><br>Debtor.<br><br>─────────────────────────────<br><br>DAVID SEROR, Chapter 7 Trustee,<br><br>Plaintiff,<br><br>v.<br><br>LYNN WOLCOTT, an individual,<br><br>Defendant. | Case No. 1:13-bk-10518-MT<br><br>CHAPTER 7<br><br>Adv. Case No.<br><br>**CHAPTER 7 TRUSTEE'S COMPLAINT:**<br><br>**(1) TO AVOID AND RECOVER FRADUELNT TRANSFERS [11 U.S.C. §§ 544, 548(a)(1)(A) and (B), 550(a)(1) and (2) and California Civil Code § 3439, *et seq.*]**<br><br>**(2) COMMON COUNT: OPEN BOOK ACCOUNT;**<br><br>**(3) COMMON COUNT: MONEY HAD AND RECEIVED**<br><br>**Status Conference**<br>**Date:** To be set.<br>**Time:** To be set.<br>**Place:** Courtroom 302<br>United States Bankruptcy Court<br>21041 Burbank Boulevard<br>Woodland Hills, CA 91367 |

David Seror, the duly appointed and acting Chapter 7 Trustee ("**Trustee**" or "**Plaintiff**") for the bankruptcy Estate ("**Estate**") of Reliable Trust Deed Services, Inc. ("**Debtor**"), by and through his attorneys of record, hereby complains and alleges against Defendant, Lynn Wolcott ("**Defendant**"), as follows:

**JURISDICTION, VENUE AND CASE BACKGROUND**

1. This action is a core proceeding under 28 U.S.C. § 157(b)(1), (2)(A), (H) & (O)

2. The Debtor's bankruptcy case was commenced on or about January 24, 2013 (the "**Petition Date**"), when the Debtor filed a voluntary petition under Title 11 of the United States Code (the "**Bankruptcy Code**"). Thereafter, David Seror was appointed as Chapter 7 Trustee, in which capacity he continues to serve.

3. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334 because these are core proceedings.

4. This Court also has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 151, the Local Bankruptcy Rules of the United States Bankruptcy Court for the Central District of California, and General Order Number 13-05 of the United States District Court for the Central District of California.

5. To the extent the Court determines that the below claims are not core, the Trustee consents to final orders or judgment by the Bankruptcy Court.

6. Venue for this proceeding properly lies in this Court pursuant to 28 U.S.C. §§ 1408 and 1409 in that this proceeding arises in or is related to the Reliable Trust Deed Services, Inc. bankruptcy, which is currently pending in this District.

7. Plaintiff has standing to bring this adversary proceeding pursuant to 11 U.S.C. §323.

8. This action is commenced pursuant to Federal Rule of Bankruptcy Procedure 7001.

**NATURE OF THE ACTION**

9. This is an adversary proceeding brought pursuant to Part VII of the Federal Rules of Bankruptcy Procedure to recover money owed to the Debtor from the above-named Defendant. In addition, this adversary proceeding is also brought to avoid and recover for the benefit of the Debtor's Estate property fraudulently transferred by the Debtor to the above-named Defendant. The Trustee seeks entry of a judgment in an amount according to proof at trial, as well as for recovery of costs of suit.

///

///

**THE PARTIES**

10. The Trustee brings this action solely in his capacity as the duly appointed and acting Chapter 7 Trustee.

11. The Trustee is informed and believes, and based thereon alleges that at all times relevant hereto, Defendant was a resident of, and/or conducted business within the jurisdiction of this Court, County of Los Angeles, State of California.

**TOLLING AGREEMENT**

12. The Debtor's bankruptcy case was commenced on or about January 24, 2013 (the "**Petition Date**"), when the Debtor filed a voluntary petition under Title 11 of the Bankruptcy Code. Thereafter, David Seror was duly appointed as Chapter 7 Trustee, in which capacity he continues to serve.

13. The Trustee is informed and believes and based thereon alleges that Defendant was a shareholder, officer and/or director of the Debtor.

14. On January 22, 2015, the Defendant, as the authorized representative of the Debtor, and Trust Deed Foreclosure Services, Inc. ("**TDFS**"), on the one hand, and the Trustee, on the other hand (collectively referred to as the "**Tolling Parties**"), entered into a Tolling Agreement ("**Tolling Agreement**") thereby tolling the statute of limitations period that would apply to any claims the Trustee may have against the Defendant or TDFS for all legal or equitable claims, defenses, actions, causes of action, demands, rights, damages, remedies, expenses, and compensation whatsoever that could be asserted by the Trustee against TDFS or the Defendant.

15. Pursuant to the Tolling Agreement, the statute of limitations, which was set to expire on January 24, 2015, was told for a period of ninety (90) days until April 24, 2015 ("**Tolling Period**").

16. On March 23, 2015, Defendant, in her capacity as the authorized representative of the Debtor, took a voluntary examination pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure ("**Rule 2004**"). However, Defendant was unable to complete the examination due to her ongoing health issues.

17. The Tolling Parties agreed to continue the examination and on March 25, 2015, entered into a Supplemental Tolling Agreement ("**Supplemental Tolling Agreement**"), thereby extending

1422915

the Tolling Period through July 24, 2015 ("**Supplemental Tolling Period**").

18. Due to ongoing discovery efforts that were not completed, due in part because of the Defendant's ongoing health issues, the Tolling Parties agreed to enter into a Second Supplemental Tolling Agreement ("**Second Supplemental Tolling Agreement**"), thereby extending the Supplemental Tolling Period through October 24, 2015 ("**Second Supplemental Tolling Period**").

**DEBTOR'S FRAUDULENT TRANSFER TO DEFENDANT FOR TAX PAYMENTS**

19. The Trustee is informed and believed that Lewis S. Coleman, M.D. and Lewis S. Coleman M.D., Inc. Retirement Plan ("**Coleman**") were former shareholders of the Debtor.

20. According to the Debtor's books and records, Coleman owned 52,632 shares of the Debtor's Series B Non-Voting Common Stock ("**Stock**") from January 1, 2001 until June 20, 2006.

21. On or about June 20, 2006, Coleman and the Defendant entered into an Agreement of Sale of Land and Corporate Stock ("**Purchase Agreement**").

22. Pursuant to the Purchase Agreement, Coleman transferred ownership of the following assets to the Defendant: (a) 52,632 shares of Stock; (b) a loan of $30,000.00 from the "Lewis Coleman Profit Sharing Plan," made to the Debtor ("**Loan**"); and (c) three unimproved parcels of real property located on Yucca Drive (Lots 273, 274 and 277 in Baldwin Lake, California (the "**Baldwin Lots,**" and collectively with the Stock and the Loan, the "**Transferred Assets**"), whose legal descriptions are as follows:

- Lots 273, 274 and 277, Edgerton Tract #2, in the County of San Bernardino, State of California, as per plat recorded in Book 23 of Maps, page 66 and 67, records of said County. APN: 0314-181-19-0-000; APN: 0314-181-20-0-000; APN: 0314-181-21-0-000.

23. Pursuant to the Purchase Agreement, and in consideration for the Transferred Assets, Defendant paid to Coleman: (a) $96,000.00 for the Baldwin Lots; (b) $30,000 cash as repayment for the Loan; and (c) $1,000 for the Stock.

24. The Purchase Agreement was executed by both Coleman and Defendant on June 20, 2006.

///

25. The Trustee is informed and believes and based thereon alleges that the Defendant recorded the deeds to the Baldwin Lots on or about July 14, 2006.

26. The Trustee is informed and believes and based thereon alleges that after the Purchase Agreement was executed, Defendant owned the Baldwin Lots in her individual capacity.

27. The Trustee is informed and believes and based thereon alleges that Defendant owned the Baldwin Lots until about September 11, 2014, when she transferred the Baldwin Lots, by deed in lieu of foreclosure, to American Mutual Mortgage Profit Sharing ("**American Mutual Mortgage**"), an entity owned by Debtor's former shareholder, Scott Saks ("**Saks**").

28. From the years 2008 through 2012, the Debtor disbursed funds to the San Bernardino Tax Collector ("**Tax Collector**") on account of property tax payments on the Baldwin Lots.

29. The Trustee is informed and believes that during the Defendant's tenure as an officer and/or director of the Debtor, Defendant directed payments by the Debtor to cover her property taxes on the Baldwin Lots by using funds belonging to the Debtor;

30. Specifically, the Debtor's records indicate that ten individual disbursements were made to the Tax Collector on behalf of the Defendant, or for the Defendant's benefit as follows:

- Payment in the amount of $399.50 made on May 30, 2008 from Debtor's US Bank account # 8923, check # 5054;
- Payment in the amount of $399.50 made on May 30, 2008 from Debtor's US Bank account # 8923, check # 5055;
- Payment in the amount of $399.50 made on May 30, 2008 from Debtor's US Bank account # 8923, check # 5056;
- Payment in the amount of $420.00 made on July 9, 2009 from Debtor's US Bank account # 8923, check # 5698;
- Payment in the amount of $420.00 made on July 9, 2009 from Debtor's US Bank account # 8923, check # 5699;
- Payment in the amount of $420.00 made on July 9, 2009 from Debtor's US Bank account # 8923, check # 5700;

///

1422915

- Payment in the amount of $19.08 made on July 21, 2009 from Debtor's US Bank account # 8923 (on Lot 273);

- Payment in the amount of $19.08 made on July 21, 2009 from Debtor's US Bank account # 8923 (on Lot 274);

- Payment in the amount of $19.08 made on July 21, 2009 from Debtor's US Bank account # 8923 (on Lot 277);

- Payment in the amount of $3,709.26 made on February 15, 2012 from Debtor's City National account # 1671;

31. According to the Debtor's records, the disbursements to the Tax Collector made by the Debtor total $6,225.00 (the "**Transfers**").

32. Based on a review of the Debtor's records, the Trustee is informed and believes and based thereon alleges that the Defendant never reimbursed the Debtor for the disbursed amounts to the Tax Collector.

33. Based on a review of the Debtor's records, the Trustee is informed and believes and based thereon alleges that the Debtor received no consideration in exchange for the Transfers.

### **DEFENDANT'S OFFICER LOANS**

34. The Trustee is informed and believes and based thereon alleges that Defendant was a shareholder, officer and/or director of the Debtor at all times relevant herein.

35. The Trustee is informed and believes that the Defendant has received numerous officer loans from the Debtor during her tenure as an officer/director of the Debtor.

36. According to the Debtor's books and records, Defendant received at least three separate officer loans from the Debtor.

37. The Trustee is informed and believes and based thereon alleges that the Debtor issued the Defendant an officer loan in 2009 in order to purchase the Baldwin Lots.

38. The Trustee is informed and believes and based thereon alleges that the Debtor disbursed funds from its US Bank account # 8923, to American Mutual Mortgage, in an amount not less than $4,490.88, on behalf of or for the benefit of the Defendant in connection with the purchase of the Baldwin Lots.

1422915

39. According to the Debtor's books and records, on September 1, 2009, the Debtor made a disbursement to American Mutual Mortgage in the amount of $1,496.96. The disbursement was made from the Debtor's US Bank account # 8923, via check # 5756. According to the Debtor's records, the memo line on this entry states that the payment was for "Loan Baldwin Lakes."

40. According to the Debtor's books and records, on October 30, 2009, the Debtor made a disbursement to American Mutual Mortgage in the amount of $2,993.92. The disbursement was made from the Debtor's US Bank account # 8923, via check # 5827. According to the Debtor's records, the memo line on this entry states that the payment was for "Loan Baldwin Lakes."

41. The Trustee is informed and believes that these disbursements were made by the Debtor at the direction of the Defendant and on behalf of the Defendant or for the Defendant's benefit.

42. Based on a review of the Debtor's records, the Trustee is informed and believes and based thereon alleges that the disbursement to American Mutual Mortgage on Defendant's behalf or for Defendant's benefit was booked as an officer loan for which Defendant was responsible to reimburse Debtor.

43. Based on a review of the Debtor's records, the Trustee is informed and believes and based thereon alleges that the Defendant never reimbursed the Debtor for the disbursed amounts to American Mutual Mortgage.

44. The Trustee is also informed and believes that the Debtor issued Defendant officer loans totaling $124,958.35 during the years of 2009 and 2010 (the "**Officer Loans**").

45. Based on a review of the Debtor's records, the Trustee is informed and believes and based thereon alleges that in 2009 the Defendant was issued $65,958.35, which was booked on the Debtor's records as an "Officer Loan."

46. According to the Debtor's books and records, the disbursement of the $65,958.35 to the Defendant was a loan which Defendant was responsible to repay.

47. Based on a review of the Debtor's books and records, the Trustee is informed and believes and based thereon alleges that in 2010 the Defendant was issued $59,000.00, which was booked on the Debtor's records as a "Notes Receivable."

///

1422915

48. According to the Debtor's books and records, the disbursement of the $59,000.00 to the Defendant was a loan which Defendant was responsible to repay.

49. According to the Debtor's books and records, the Defendant has not made any attempt to repay the Officer Loans, which remain outstanding on the Debtor's books.

50. The Trustee is informed and believes and based thereon alleges that the Officer Loans are due and owing from the Defendant.

**FIRST CLAIM FOR RELIEF**

**AVOIDANCE OF FRAUDULENT TRANSFER**

**AGAINST DEFENDANT (ACTUAL INTENT)**

**[11 U.S.C. § 544 and California Civil Code § 3439.04(a)(1) and 3439.07]**

51. The Trustee refers to, and by this reference, incorporates and alleges herein, each and all of the allegations set forth in Paragraphs 1 through 50 inclusive of this Complaint.

52. The Trustee is informed and believes and based thereon alleges that during the seven-year period immediately preceding the Petition Date, the Debtor made transfers of the Debtor's property in the form of property tax payments on property owned by the Defendant (the "**7-Year Transfers**"), for a total amount of no less than $6,225.00 with the actual intent to delay, hinder or defraud the Debtor's creditors.

53. By reason of the foregoing, the 7-Year Transfers are avoidable pursuant to 11 U.S.C. § 544 and California Civil Code § 3439.04(a)(1) and 3439.07.

**SECOND CLAIM FOR RELIEF**

**AVOIDANCE OF FRAUDULENT TRANSFER**

**AGAINST DEFENDANT (ACTUAL INTENT)**

**[11 U.S.C. § 548(a)(1)(A)]**

54. The Trustee refers to, and by this reference, incorporates and alleges herein, each and all of the allegations set forth in Paragraphs 1 through 50 inclusive of this Complaint.

55. The Trustee is informed and believes and based thereon alleges that during the two year period immediately preceding the Petition Date, the Debtor made transfers of the Debtor's property in the form of one property tax payment on property owned by the Defendant (the "**2-Year**

1422915

**Transfer**"), for a total amount no less than $3,709.26 with the actual intent to delay, hinder or defraud the Debtor's creditors.

56. By reason of the foregoing, the 2-Year Transfers are avoidable pursuant to 11 U.S.C. § 548(a)(1)(A).

### THIRD CLAIM FOR RELIEF
### AVOIDANCE OF FRAUDULENT TRANSFER
### AGAINST DEFENDANT (CONSTRUCTIVE FRAUD)
**[11 U.S.C. § 544 and California Civil Code § 3439.04(a)(2) or 3439.05 and 3439.07]**

57. The Trustee refers to, and by this reference, incorporates and alleges herein, each and all of the allegations set forth in Paragraphs 1 through 50 inclusive of this Complaint.

58. The Trustee is informed and believes and based thereon alleges that during the four-year period immediately preceding the Petition Date, the Debtor made transfers of the Debtor's property in the form of seven property tax payments on property owned by the Defendant (the "**4-Year Transfers**"), for a total of no less than $5,026.50. Each of the 4-Year Transfers was made without Debtor receiving a reasonably equivalent value in exchange for such transfer and: (1) at a time when the Debtor was insolvent or as a result of which the Debtor became insolvent; (ii) at a time that the Debtor was engaged in a business or a transaction, or was about to engage in a business or transaction, for which any property remaining with the Debtor was an unreasonably small capital; or (iii) at a time when the Debtor intended to incur, or believed or should reasonably have believed that the Debtor would incur, debts that would be beyond Debtor's ability to pay as such debts matured.

59. By virtue of the foregoing, the 4-Year Transfers constitute fraudulent transfers pursuant to 11 U.S.C. § 544 and California Civil Code §§ 3439.04(a)(1) or 3439.05 and 3439.07.

### FOURTH CLAIM FOR RELIEF
### AVOIDANCE OF FRAUDULENT TRANSFER
### AGAINST DEFENDANT (CONSTRUCTIVE FRAUD)
**[11 U.S.C. § 548(a)(1)(B)]**

60. The Trustee refers to, and by this reference, incorporates and alleges herein, each and

all of the allegations set forth in Paragraphs 1 through 50 inclusive of this Complaint.

61. The Trustee is informed and believes and based thereon alleges that the 2-Year Transfer was made without the Debtor receiving a reasonably equivalent value in exchange for such transfer and: (i) at a time when the Debtor was insolvent or as a result of which the Debtor became insolvent; or (ii) at a time that the Debtor was engaged in a business or a transaction, or was about to engage in a business or transaction, for which any property remaining with the Debtor was an unreasonably small capital; or (iii) at a time when the Debtor intended to incur, or believed or should reasonably have believed that the Debtor would incur, debts that would be beyond Debtor's ability to pay as such debts matured.

62. By virtue of the foregoing, the 2-Year Transfer constituted a fraudulent transfer pursuant to 11 U.S.C. § 548(a)(1)(B).

## FIFTH CLAIM FOR RELIEF

## RECOVERY OF AVOIDED TRANSFER AGAINST DEFENDANT

## [11 U.S.C. § 544 and California Civil Code § 3439.07]

63. The Trustee refers to, and by this reference, incorporates and alleges herein, each and all of the allegations set forth in Paragraphs 1 through 50 inclusive of this Complaint.

64. By reason of the foregoing, the Trustee is entitled to recover for the benefit of the Estate the 7-Year Transfers and the 4-Year Transfers from the Defendant pursuant to 11 U.S.C. § 544 and California Civil Code §§ 3439.07.

## SIXTH CLAIM FOR RELIEF

## RECOVERY OF AVOIDED TRANSFER AGAINST DEFENDANT

## [11 U.S.C. § 550(a)(1) and (2)]

65. The Trustee refers to, and by this reference, incorporates and alleges herein, each and all of the allegations set forth in Paragraphs 1 through 50 inclusive of this Complaint.

66. By virtue of the foregoing, the Trustee is entitled to recover for the benefit of the Estate the 2-Year Transfer from the Defendant pursuant to 11 U.S.C. § 550(a).

/ / /

/ / /

1422915

## SEVENTH CLAIM FOR RELIEF

### [Common Count: For Open Book Account]

67. The Trustee refers to, and by this reference, incorporates and alleges herein, each and all of the allegations set forth in Paragraphs 1 through 50 inclusive, of this Complaint.

68. During Defendant's tenure as a shareholder, officer and/or director of the Debtor, the Defendant became indebted to the Debtor on an open book account in an amount of no less than $129,449.23, the combined amount of the officer loans owed to Debtor by Defendant, as shown on the Debtor's records.

69. Despite demand therefore, the Defendant has failed and refuses to pay the sum due to the Debtor.

70. The Trustee seeks a judgment against Defendant in an amount no less than $129,449.23, plus costs, attorneys' fees (*see*, Cal. Civ. Code § 1717.5) and interest thereon as allowed by law.

## EIGHTH CLAIM FOR RELIEF

### [Common Count: For Money Had and Received]

71. The Trustee refers to, and by this reference, incorporates and alleges herein, each and all of the allegations set forth in Paragraphs 1 through 50 inclusive, of this Complaint.

72. During Defendant's tenure as an officer of the Debtor, the Defendant became indebted to the Debtor in the combined amount of $129,449.23, by way of multiple officer loans received from the Debtor.

73. Specifically, Defendant was advanced a combined amount of no less than $129,449.23 from the Debtor in the form of: (a) a loan received issued by the Debtor at the Defendant's direction and for the Defendant's benefit on real property owned by the Defendant; and (b) deferred payroll money, *i.e.*, money Defendant received that was booked as a loan so it wouldn't be run through payroll.

74. Defendant failed to repay these amounts to the Debtor.

75. The money lent to Defendant is due and owing to the Debtor.

/ / /

1422915

76. The Trustee seeks a judgment against Defendant in an amount of no less than $129,449.23, plus costs, attorneys' fees (*see*, Cal. Civ. Code § 1717.5) and interest thereon as allowed by law.

**WHEREFORE,** the Trustee respectfully prays for judgment against the Defendant as follows:

1. On the first claim for relief, that the 7-Year Transfers be avoided for the benefit of the Estate;

2. On the second claim for relief, that the 2-Year Transfer be avoided for the benefit of the Estate;

3. On the third claim for relief, that the 4-Year Transfer be avoided for the benefit of the Estate;

4. On the fourth claim for relief, that the 2-Year Transfer be avoided for the benefit of the Estate;

5. On the fifth claim for relief, for relief as follows:
   - To recover the value of the 7-Year Transfers from Defendant, for the benefit of the Estate, in an amount no less than $6,225.00, plus interest at the maximum legal rate from the date of the 7-Year Transfers, or in an amount according to proof before judgment herein;

6. On the sixth claim for relief, for relief as follows:
   - To recover the value of the 2-Year Transfers from Defendant, for the benefit of the Estate, in an amount no less than $3,709.26, plus interest at the maximum legal rate from the date of the 2-Year Transfer, or in an amount according to proof before judgment;

7. On the seventh claim for relief, for a money judgment in the amount no less than $129,449.23, plus costs, attorneys' fees and interest thereon as allowed by law;

8. On the eighth claim for relief, for a money judgment in the amount no less than $129,449.23, plus costs, attorneys' fees and interest thereon as allowed by law;

///

1422915

9. On all claims for relief, that the Trustee be awarded costs incurred in connection with this action;

10. On all claims for relief, for such other and further relief as this Court deems just and proper.

Dated: October 23, 2015                    EZRA BRUTZKUS GUBNER LLP


By: /s/ Travis M. Daniels
    RICHARD D. BURSTEIN
    REAGAN E. BOYCE
    TRAVIS M. DANIELS
Attorneys for David Seror, Chapter 7 Trustee

1422915

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| RICHARD D. BURSTEIN - Bar No. 56661<br>REAGAN E. BOYCE - Bar No. 248064<br>TRAVIS M. DANIELS - Bar No. 295855<br>EZRA BRUTZKUS GUBNER LLP<br>21650 Oxnard Street, Suite 500<br>Woodland Hills, CA 91367<br>Telephone: (818) 827-9000<br>Facsimile: (818) 827-9099<br>Email: rburstein@ebg-law.com;  rboyce@ebg-law.com;<br>tdaniels@ebg-law.com<br><br>*Attorney for Plaintiff* | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - SAN FERNANDO VALLEY DIVISION**

| In re:<br>RELIABLE TRUST DEED SERVICES, INC.<br><br>Debtor(s). | CASE NO.: 1:13-bk-10518-MT<br><br>CHAPTER: 7<br><br>ADVERSARY NUMBER: |
|---|---|
| DAVID SEROR, Chapter 7 Trustee,<br><br>Plaintiff(s)<br>Versus<br>LYNN WOLCOTT, an individual,<br><br>Defendant(s) | **SUMMONS AND NOTICE OF**<br>**STATUS CONFERENCE IN ADVERSARY**<br>**PROCEEDING  [LBR 7004-1]** |

TO THE DEFENDANT:  A Complaint has been filed by the Plaintiff against you.  If you wish to defend against the Complaint, you must file with the court a written pleading in response to the Complaint.  You must also serve a copy of your written response on the party shown in the upper left-hand corner of this page.  The deadline to file and serve a written response is _____.  If you do not timely file and serve the response, the court may enter a judgment by default against you for the relief demanded in the Complaint.

A status conference in the adversary proceeding commenced by the Complaint has been set for:

**Hearing Date:** _____    **Place:**
**Time:** _____                    ☐ 255 East Temple Street, Los Angeles, CA 90012
**Courtroom:** _____               ☐ 3420 Twelfth Street, Riverside, CA 92501
                                      ☐ 411 West Fourth Street, Santa Ana, CA 92701
                                      ☐ 1415 State Street, Santa Barbara, CA 93101
                                      ☒ 21041 Burbank Boulevard, Woodland Hills, CA 91367

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2012                                         Page 1                              F 7004-1.SUMMONS.ADV.PROC

**You must comply with LBR 7016-1, which requires you to file a joint status report and to appear at a status conference.**  All parties must read and comply with the rule, even if you are representing yourself.  You must cooperate with the other parties in the case and file a joint status report with the court and serve it on the appropriate parties at least 14 days before a status conference.  A court-approved joint status report form is available on the court's website (LBR form F 7016-1.STATUS.REPORT) with an attachment for additional parties if necessary (LBR form F 7016-1.STATUS.REPORT.ATTACH).  If the other parties do not cooperate in filing a joint status report, you still must file with the court a unilateral status report and the accompanying required declaration instead of a joint status report 7 days before the status conference.  **The court may fine you or impose other sanctions if you do not file a status report.  The court may also fine you or impose other sanctions if you fail to appear at a status conference.**

        **KATHLEEN J. CAMPBELL**
        **CLERK OF COURT**

Date of Issuance of Summons and Notice of Status Conference in Adversary Proceeding: _____

        By: _____
             Deputy Clerk

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*June 2012*      Page 2      **F 7004-1.SUMMONS.ADV.PROC**

FORM B104 (08/07)                                                                                                         2007 USBC, Central District of California

| **ADVERSARY PROCEEDING COVER SHEET**<br>(Instructions on Page 2) | **ADVERSARY PROCEEDING NUMBER**<br>(Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>DAVID SEROR, Chapter 7 Trustee | **DEFENDANTS**<br>Lynn Wolcott, an individual |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>TRAVIS M. DANIELS / EZRA BRUTZKUS GUBNER LLP<br>21650 Oxnard Street, Suite 500, Woodland Hills, CA 91367<br>(818) 827-9000 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>☐ Debtor ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor ☐ Other<br>☒ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor ☒ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
(1) AVOID AND RECOVER FRAUDUELNT TRANSFERS [11 U.S.C. §§ 544, 548(a)(1)(A) and (B), 550(a)(1) and (2) and California Civil Code § 3439, et seq.]; (2) OPEN BOOK ACCOUNT; (3) MONEY HAD AND RECEIVED

**NATURE OF SUIT**
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
[2] 13-Recovery of money/property - §548 fraudulent transfer
[1] 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
[3] 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☒ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ 135,674.23 |

Other Relief Sought

**FORM B104 (08/07), page 2**                                                                 2007 USBC, Central District of California

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| **NAME OF DEBTOR** <br> RELIABLE TRUST DEED SERVICES, INC. | | **BANKRUPTCY CASE NO.** <br> 1:13-bk-10518 |
| **DISTRICT IN WHICH CASE IS PENDING** <br> Central | **DIVISIONAL OFFICE** <br> San Fernando Valley | **NAME OF JUDGE** <br> M. Tighe |
| **RELATED ADVERSARY PROCEEDING (IF ANY)** | | |
| **PLAINTIFF** | **DEFENDANT** | **ADVERSARY PROCEEDING NO.** |
| **DISTRICT IN WHICH ADVERSARY IS PENDING** | **DIVISIONAL OFFICE** | **NAME OF JUDGE** |
| **SIGNATURE OF ATTORNEY (OR PLAINTIFF)** | | |
| **DATE** <br> 10/23/15 | **PRINT NAME OF ATTORNEY (OR PLAINTIFF)** <br> /s/ Travis M. Daniels | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendents.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not presented by an attorney, the plaintiff must sign.